### IN THE

## COURT OF APPEALS

### OF

## MARYLAND.

———◆◆———

## COURT OF APPEALS, JUNE TERM, 1825.

### BEVANS *vs.* TAYLOR, *et al.* Lessee.

A declaration in ejectment contained two counts, one on a demise by A, and the other on a demise by B—*Held,* that the plaintiff may recover on the count whereby the land was demised by B, although he could not recover on the other count.

R T, having two sons A and O, and several other children, died in 1768, having by his will devised a tract of land to his youngest son O for life. A died in 1785, leaving two sons, T and J. T in 1790 married K, by whom he had before had an illegitimate son called F, the lessor of the plaintiff in the *second* count in the declaration, and who, after his marriage, he acknowledged to be his child, and had also other children after said marriage, the other lessors of the plaintiff in the *first* count in the declaration, and died in 1803. O, the tenant for life, died in 1817 intestate, leaving children now living—*Held,* that the plaintiff was entitled to recover on the demise of F in the second count of the declaration.

APPEAL from *Worcester* County Court. Ejectment for part of a tract of land called *Temple Comb.* The declaration contained two counts; the *first* on demises by *Teackle Taylor, Alexander Taylor, Nancy Taylor, James Buby,* and *Peggy* his wife, and *James Taylor,* and the *second* on a demise by *Teackle Taylor.* Defence was taken on warrant, and plots were returned. *Non cul* and issue joined. At the trial the plaintiff, (now appellee,) offered in evidence a patent for the land mentioned in the declaration, called *Temple Comb,* granted to *John Capman,* on the 10th of September 1684. He then offered in evidence that *Roger Taylor,* in the year 1767, was in possession of the said land; and that being so in possession, by his will, dated the 17th of November 1767, he devised it to

his son *Obed Taylor* for life; and in 1768 died in possession, leaving *Alexander Taylor,* his eldest son, and several other children, mentioned in his said will. That *Alexander* died intestate in 1785, leaving *Teackle Taylor* his eldest son, and *Joshua Taylor* a younger son. That *Teackle* in 1790 married *Keziah Mallitt,* by whom he had had, before the passage of the act of 1786, *ch.* 45, an illegitimate son called *Teackle,* the lessor of the plaintiff mentioned in the *second* count in the declaration; that after his marriage he acknowledged the said son to be his child, and that subsequent to the marriage he had other children, viz. *Alexander,* and the other lessors of the plaintiff, mentioned in the *first* count in the declaration, and died in 1803, leaving the said children. That *Obed Taylor,* the devisee mentioned in the said will, died in 1817 intestate, leaving three or four children now living. The plaintiff then prayed the court to direct the jury, that the lessor of the plaintiff, mentioned in the *second* count of the declaration, was entitled to recover the land therein mentioned, and that they ought to find for the plaintiff upon that count. This direction the Court, [*Martin,* Ch. J. and *Robins,* A. J.] gave to the jury. The defendant excepted. Verdict for the defendant on the *first* count, and for the plaintiff on the *second.* Judgment upon the verdict. The defendant appealed to this court.

The cause was argued at the last June term before BUCHANAN, EARLE, and STEPHEN, J. by

*J. Bayly,* for the Appellant; and by
*Spence,* for the Appellee.

*Curia adv. vult.*

At this term,

JUDGMENT AFFIRMED. *(a)*

*(a)* Where A, seized in fee simple of land, devised it for life, and dies, leaving B his heir at law, who dies before the termination of the estate for life, the *heirs* of B are not, as such, entitled to the land, after the death of the tenant for life; for B had not such a seizin as to create a new stock of descent.

A person claiming land by descent, must entitle himself as heir of him who was last actually seized in fee. *Jackson vs. Hilton,* 16 *Johns, Rep.* 96. See *Jackson vs. Hendericks,* 3 *Johns. Cas.* 214; and *Bates vs. Shraeder,* 13 *Johns. Rep.* 200.